Dear Mr. Yates:
This office has received your opinion request regarding whether the Office of Indigent Defenders is required to publish the minutes of its board meetings in the local newspaper pursuant to LSA-R.S. 43:171. LSA-R.S. 43:171 (A)(1) mandates:
 Levee, drainage, subdrainage, road, subroad, navigation, and sewerage districts, or other political subdivisions of the state and parishes, shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in the newspaper. The newspaper shall be selected at their first meeting in June of each year for a term of one year.
This office has consistently determined that indigent defender boards are governing bodies of political subdivisions and, consequently, have the same general obligations and privileges as political subdivisions. See Opinions 85-721, 93-276, and 94-529. Therefore, an indigent defender board would be required to publish the minutes of its proceedings pursuant to LSA-R.S.43:171.
Your concern with this requirement lies in the possible effects it may have on client confidences such as the discussion of expenditures for certain expert witnesses. LSA-R.S. 43:171 only requires the publication of the minutes of meetings. Should the board decide that the topic for discussion is crucial to the proper representation and defense of a client, the board may call executive session to maintain its confidentiality.
LSA-R.S. 42:6 provides:
 A public body may hold executive sessions upon an affirmative vote, taken at an open meeting for which notice has been given pursuant to R.S. 42:7, of two-thirds of its constituent members present. An executive session shall be limited to matters allowed to be exempted from discussion at open meetings by R.S. 42:6.1; however, no final or binding action shall be taken during an executive session. The vote of each member on the question of holding such an executive session and the reason for holding such an executive session shall be recorded and entered into the minutes of the meeting. Nothing in this Section or R.S. 42:6.1
shall be construed to require that any meeting be closed to the public, nor shall any executive session be used as a subterfuge to defeat the purposes of R.S. 42:4.1 through R.S. 42:8.
LSA-R.S. 42:6.1, in pertinent part, reads:
 A. A public body may hold an executive session pursuant to R.S. 42:6 for one or more of the following reasons:
* * * * *
 (2) Strategy sessions or negotiation with respect to collective bargaining, prospective litigation after formal written demand, or litigation when an open meeting would have a detrimental effect on the bargaining or litigating position of the public body.
Should an executive session be called by the board for this reason, that discussion will not be considered part of the minutes of the board meeting proper. Therefore, while the minutes of the meetings must be published pursuant to both the open meetings laws and LSA-R.S. 43:171, executive session deliberations are exempt from publication. However, note that no final or binding action can be taken by the board in executive session and the board must record the reason for the executive session in the minutes.
I trust this answers your question. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: __________________________ CARLOS M. FINALET, III Assistant Attorney General RPI/CMF